UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE: PADCO PRESSURE CONTROL, LLC          CIVIL ACTION NO. 16-mc-0056

                                            JUDGE ROBERT G. JAMES

RULING

Pending before the Court is a "Motion to Reconsider, Pursuant to Fed. R. Civ. P. 54(b), Case Energy Services, LLC's Motion for Intra-District Transfer Based on Forum Non Conveniens" ("Motion to Reconsider") [Doc. No. 3]. Case Energy Services, LLC ("Case Energy") moves the Court to reconsider its order [Doc. No. 2] denying Case Energy's "Motion to Transfer Venue Based on Forum Non Conveniens" ("Motion to Transfer") [Doc. No. 1]. Padco Pressure Control, LLC ("Padco") and the Official Committee of Unsecured Creditors of Padco ("the Committee") have filed memoranda in opposition to the motion. [Doc. Nos. 7, 8 &12]. Case Energy has filed reply memoranda. [Doc. Nos. 9 & 13].

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see also Moses H. Cone Mem'l Hosp.*

*v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance.[1] *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court must evaluate whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice,"or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

"[I]mportantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments." *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.,* 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "While reconsideration is generally not available to 'raise arguments

---

[1] Procedurally, this case is unusual because the Court has ruled on the only issue before it: the Motion to Transfer, and, thus, this miscellaneous matter was resolved upon entry of the Court's prior order. In that respect, Case Energy's Motion for Reconsideration is more like a motion to alter or amend judgment under Rule 59(e). However, all claims in the **case**, i.e., the bankruptcy case, have not been resolved. Thus, the Court has applied the more generous Rule 54(b) standard. Given the Court's conclusions, Case Energy certainly could not prevail if the Court had applied the more stringent standard of Rule 59(e) to its review of the Motion for Reconsideration.

that could, and should have been made' . . . earlier . . . courts have considerable discretion [under Rule 54(b)] to revise, 'reconsider and reverse its decision' . . . on interlocutory motions for summary judgment 'for any reason it deems sufficient.'" *Riley v. Wells Fargo Bank, N.A.,* No. CIV.A. H-13-0608, 2014 WL 2506241, at *1 (S.D. Tex. May 15, 2014), report and recommendation adopted, No. CIV.A. H-13 0608, 2014 WL 2505686 (S.D. Tex. June 3, 2014)(quoting *In re Elevating Boats, LLC,* 286 Fed. App'x. 118, 122 (5 th Cir.2008)).

In this case, Case Energy admits that the statute upon which it relied in its original motion, 28 U.S.C. § 1412, provides only for interdistrict, not intradistrict, transfers. Instead, Case Energy argues that it should have cited 28 U.S.C. § 1404(a), which allows a district court to transfer a case within the district (intradistrict) from one division to another. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Case Energy argues further that if the Court applies the § 1404(a) factors, it will find that the Shreveport Division of the Bankruptcy Court is the appropriate forum for the bankruptcy case.

Padco and the Committee respond that (1) Case Energy cannot rely on arguments that it could have raised in the original motion, (2) any motion to transfer venue between divisions should be filed in the bankruptcy court under the Court's standing order of reference, and (3) if the bankruptcy court applies the § 1404(a) factors, those factors weigh heavily in favor of the Lafayette Division. The Committee points out that Bankruptcy Judge Robert Summerhays has considered a motion to transfer venue in the bankruptcy case of another Padco entity and determined that the case should remain in the Lafayette division.

Case Energy responds that this Court has original jurisdiction and "may decide what it refers to bankruptcy court, not vice-versa." [Doc. No. 9, p. 1]. Case Energy points out that the Court can "refer the motion" to the Bankruptcy Court if it wishes and that the cases it cited stand for that proposition. *Id.* However, Case Energy argues that the Court should consider the substantive merits of its motion and that the § 1404(a) factors support a transfer to Shreveport. Finally, in a supplemental memorandum, Case Energy points to the procedural and factual history of the case before Bankruptcy Judge Summerhays and argues that he was not presented with the facts that it has provided to the Court in its motion.

First, the Court finds that Case Energy had the opportunity to raise its § 1404(a) arguments in its original motion. The Court could deny the Motion for Reconsideration on this basis alone. However, given the discretionary authority of Rule 54(b), the Court has considered Case Energy's substantive arguments and the opposing arguments advanced by Padco and the Committee. After due consideration, the Court finds that the Motion for Reconsideration should be denied.

While federal district courts have original jurisdiction over bankruptcy cases, acting within that authority, the Judges of the Western District of Louisiana have "automatically referred" all "[b]ankruptcy cases **and proceedings** arising under Title 11 **or arising in** or related to a case under Title 11 of the United States Code" with limited exceptions which do not apply to a motion to transfer venue. Standing Order 1.32 (emphasis added). Pursuant to this referral, "Bankruptcy Judges may exercise full authority allowed them by law." *Id.* As argued by Padco, a decision about the division assignment of a bankruptcy case is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(A), because it "concern[s] the administration of the estate." Therefore, any motion for intradistrict, or divisional, transfer is appropriately filed in the Bankruptcy Court where the debtor's case is pending.

It is not the policy of any court in this District to "take back" certain motions from the general referral to the Bankruptcy Court or to encourage the piecemeal filing of such motions in the district court on a case by case basis. It serves neither the interests of justice nor judicial economy for the district court to do so.[2]

Case Energy's Motion for Reconsideration is DENIED without prejudice to Case Energy's right to file a motion to transfer in the pending bankruptcy case.

**MONROE, LOUISIANA, this 13th day of January, 2017.**

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Notably, as in this case, it is not unusual for multiple business entities to have separate bankruptcy cases. If the Court were to do as Case Energy asks and rule contrary to Bankruptcy Judge Summerhays in this case, the same witnesses, debtor-principals, and creditors could be involved in cases in the Lafayette and Shreveport divisions. That outcome would not serve the interests of justice.